## 18600

Billy B. WARREN, Appellant, v. ALLSTATE INSURANCE
COMPANY, Respondent

(152 S. E. (2d) 727)

*C. M. Benedict, III, Esq.,* of Charleston, *for Appellant,*

*Messrs. Moore, Mouzon & McGee,* of Charleston, *for Respondent,*

February 8, 1967.

G. BADGER BAKER, Acting Justice.

The appellant, Billy B. Warren, has brought this action against the respondent, Allstate Insurance Company, for the alleged cancellation of an Assigned Risk Insurance Contract while the policy was in full force and effect. Respondent's demurrer to the complaint was sustained.

Appellant alleges in his complaint that following his application, with a deposit of Fifty ($50.00) Dollars, to an insurance agency in Charleston, S. C., for a policy of liability insurance covering a motor vehicle owned by appellant, the respondent, to whom the coverage was assigned under the provisions of the Assigned Risk Plan, notified appellant that the contract would be issued upon receipt of the balance of the premium which was paid.

The appellant further states that upon the receipt of the premium it became the duty of respondent "to issue and honor its insurance contract, and to fulfill the requirements of the South Carolina Safety Responsibility Act". The essence of the complaint is contained in paragraph eight which is quoted:

"EIGHTH: That notwithstanding the receipt of the Plaintiff's money, the issuance of a policy of insurance to the Plaintiff and a certificate of insurance to the South Carolina State Highway Department, the Defendant thereafter, without notice to the Plaintiff, wrongfully, fraudulently, negligently and wilfully notified the South Carolina State Highway Department it intended to cancel the Plaintiff's certificate of insurance; and, in addition to the aforesaid notification, the Defendant did, in fact, wrongfully, fraudulently, negligently and wilfully cancel the Plaintiff's certificate of insurance with the South Carolina State Highway Department and thereafter retained the entire premium paid by the Plaintiff."

Appellant's damages are alleged to be the suspension by the Highway Department of his privilege to operate a

motor vehicle, expenditures for other transportation, inability to obtain liability insurance for a period of six (6) months from the date of the cancellation of the certificate, and the need to retain counsel to protect his interests. Appellant asks for actual and punitive damages.

The demurrer was upheld on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The lower Court prefaced its ruling with the statement that respondent is charged only with wrongful cancellation of the certificate of insurance issued to the South Carolina Highway Department, and is not charged with cancellation of the contract delivered to appellant.

The Court then ruled that the complaint does not allege any violations of policy provisions or statutory duties which would constitute a breach of contract. The alleged damages sustained by appellant were found to result from the administrative act of the Highway Department, and were the indirect result of the cancellation of the certificate by respondent. The rationale of the trial Court's order is two-fold. First, that appellant's proper remedy was an administrative hearing by the Department and judicial review, if necessary, Secs. 46-715 and 46-716, Code of Laws. Second, that appellant is attempting to recover damages resulting from alleged false information supplied the Highway Department by respondent, which is an action for damages in a civil suit for perjury committed in a *quasi*-judicial hearing and forbidden by public policy.

The principal question posed by appellant's exceptions is whether the cancellation of the insurance certificate constitutes a breach of a contractual obligation.

Although it is not alleged in the complaint it was admitted during the argument in the lower Court that prior to the bringing of this action appellant's driver's license had been suspended. In order to regain the license, after the suspension period, appellant was required to render

proof of financial responsibility as demanded in Section 46-745, 1962 Code of Laws.

When this policy was issued under the Assigned Risk Plan it was not appellant, the insured, who certified financial responsibility to the Highway Department as held in the lower Court's order, but it was the respondent, the insurer, who certified a policy of motor vehicle liability insurance as proof of financial responsibility for the insured. *United States Fidelity and Guaranty Company v. Security Fire and Indemnity Company,* S. C., 149 S. E. (2d) 647.

Proof of financial responsibility through a motor vehicle liability policy is accomplished "by filing with the Department the written certificate of any insurance carrier duly authorized to do business in this State certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility," Sec. 46-748, 1962 Code of Laws.

Appellant's operating privileges, due to the prior suspension, were dependent upon the maintenance of proof of financial responsibility. The written certificate of the insurance carrier, until it is cancelled for cause or terminated, is the statutory procedure to inform the Highway Department that proof of financial responsibility is maintained. This certificate may be cancelled for reason as provided in Section 46-748, *supra.* The demurrer admits the allegation of wrongful cancellation. Section 46-748, *supra,* specifically refers to the certificate of insurance, not to the policy.

When the Highway Department receives notice of cancellation of the certificate of insurance the Department must suspend the operating privileges of the insured driver and keep the suspension effective until there is legal restoration. Section 46-744, 1962 Code of Laws.

While the revocation of the license by the Department is Administrative it is, nevertheless, a ministerial act and one made mandatory by statute. Since the continuance of the operating privilege depended upon

proof of financial responsibility and this proof, the certificate of insurance, was cancelled, it was then the alleged wrongful act of respondent that brought about the revocation. The administrative action of the Department was not the cause of the revocation, but followed as a consequence and effect of respondent's action.

A demurrer to a complaint cannot be sustained if ██ it contains any allegations entitling a plaintiff to relief. Under the Assigned Risk Plan the certification of financial responsibility by respondent for appellant would continue until cancelled or terminated in accordance with the financial responsibility laws and regulations of this State.

Appellant has alleged a breach of an obligation of ██ statutory origin which is embodied in the contract of insurance. "Every contract entered into in this state embodies in its terms all applicable laws of the state just as completely as if the contract expressly so stipulated," *Inabinet v. Royal Exchange Assurance of London,* 165 S. C. 33, 162 S. E. 599; also, *Williams v. Pennsylvania National Mutual Insurance Company,* 246 S. C. 396, 143 S. E. (2d) 797.

The cause of action alleged is for wrongful concella-██ tion of the certificate of insurance, which is a part of the contract, and is therefore, an action for breach of contract. The loss of the driving privilege is an element of damages. In *Taylor v. United States Casualty Company,* 229 S. C. 230, 92 S. E. (2d) 647, this Court did not find any error in the instruction to the effect that inability to comply with the Motor Vehicle Safety Responsibility Law, resulting from a breach of an insurance contract, is an element of damages.

Section 46-715, *supra,* provides for hearings upon ██ request of persons aggrieved by orders or acts of the Department under the provisions of the Motor Vehicle Safety Responsibility Act. Appellant has not been aggrieved by any order or act of the Highway Department.

As heretofore stated the order of suspension by the Department was purely a ministerial act. The Department is not empowered under the provisions of the Motor Vehicle Safety Responsibility Act to determine the legality of the cancellation of a certificate of insurance, but, on the contrary, the Department is directed by Section 46-750.5 to cancel a certificate of insurance "upon request". Section 46-750.5 has certain limitations which do not apply to this case, and the cancellation by a carrier is effective after ten days notice has been filed with the Department as set forth in Section 46-702(7) (h), 1966 Cumulative Supplement, 1962 Code of Laws.

The exhaustion of administrative relief available to a party is usually necessary before he can seek redress in Court, West's South Carolina Digest, Administrative Law and Procedure, Section 229. The absence of administrative relief in this case precludes the application of the principle of prior exhaustion of such relief.

*Robinson v. United States Casualty Company,* 260 N. C. 284, 132 S. E. (2d) 629, cited as apposite by the lower Court, is not, however, pertinent to the issue. The North Carolina Statutes provide specific administrative relief when the Commissioner of Motor Vehicles is given erroneous information with respect to financial responsibility. The distinction is to be found in the language of the opinion, to wit, "This statutory provision gave to plaintiff full opportunity to present his evidence to the Commissioner to establish the fact that he did carry insurance as required."

Appellant is not claiming the right to recover damages because of false testimony given in a *quasi*-judicial proceeding, nor in substance is this an action for perjury committed in a *quasi*-judicial hearing. The question of public policy does not enter into this case since there was not a *quasi*-judicial proceeding or hearing. There was simply a notice of alleged wrongful cancellation of a certificate of insurance followed by the mandatory suspen-

sion of the driving privilege. It is true, as held by the lower Court, that appellant is, in effect, attempting to recover damages resulting from the alleged false information supplied to the Department, but this is the basis of the alleged breach of contract, and is not connected with any cause of action derived from perjury.

The Order sustaining the demurrer is reversed and remanded.

LEWIS, Acting C. J., BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.