## 20521

COLUMBIA DEVELOPERS, INC., Appellant, v. Tom E. ELLIOTT, as Treasurer of Richland County, The City of Columbia, and G. C. Robinette, Jr., as Treasurer of said City, Respondents.

(238 S. E. (2d) 169)

*Theodore J. Hopkins, Jr., McNair, Konduros, Corley, Singletary & Dibble,* and *James M. Windham, of Dial, Jennings, Windham, Thomas & Roberts,* Columbia, *for Appellant,*

*William F. Able,* and *James W. Pearce,* of Columbia, *for Respondent,*

October 5, 1977.

*Per Curiam:*

This is an action by appellant for the recovery of real property taxes paid under protest. At issue is respondents' authority to levy a tax in 1974 against property that escaped taxation in 1972 and 1973. The lower court, sitting without a jury, found for respondents and dismissed the complaint. We affirm.

Appellant taxpayer completed five additional floors of a multi-story building located in Columbia and had the additional floors ready for occupancy during the calendar year 1971. Pursuant to Act No. 39 of the 1969 Acts of the General Assembly (Section 65-1620.6, 1962 Code of Laws of South Carolina, 1975 Supp.) the Assessor for Richland County assessed these five additional floors and on September 15, 1972, gave appellant, who is the owner, notice of such. The notice of appraisal and assessment informed appellant of the steps necessary to have the assessment reviewed. Appellant failed to comply with these instructions.

Through inadvertence or otherwise, the increase in the assessed value of appellant's property was not included on the auditor's rolls for the tax years 1972 and 1973 and thus the taxes levied on the property in question for those two years were based on the 1971 assessed value. During the calendar years 1972 and 1973 the five floors of new construction completed and ready for occupancy as of December 31, 1971, escaped taxation.

On July 23, 1974, the Richland County Assessor notified appellant of the error and resulting failure to tax the five new floors during 1972 and 1973, and informed appellant that the Richland County Auditor was being advised to take appropriate remedial steps.

On August 15, 1974, appellant received a notice of appraisal and assessment for that year that reflected the increased value of the property attributable to the five additional floors. The appraised and assessed values stated in this notice were the identical figures contained in the September 15, 1972 notice. Appellant also received notice of the back taxes owed from 1972 and 1973 as a result of the omission of the five new floors from the auditor's rolls during those two years. These back taxes were charged under the authority of Section 65-1776, 1962 Code of Laws of South Carolina, as amended (now codified as Section 12-39-220, 1976 Code.)

Appellant did not attempt to challenge these proceedings by means of appropriate administrative remedies, of which it had notice, but instead paid the additional taxes under protest and brought suit for their recovery.

At trial the parties submitted numerous exhibits. No testimony was taken. Based on the evidence before it, the lower court determined appellant was precluded from seeking relief in the courts under Section 65-2661 through 65-2663, 1962 Code of Laws of South Carolina, as amended (now codified as Section 12-47-210 through 12-47-230, 1976 Code) because of its failure to exhaust all available adminstrative

remedies. As stated by this Court in *Newberry Mills, Inc. v. Dawkins,* 259 S. C. 7, 190 S. E. (2d) 503 (1972) :

As a rule, a party must exhaust all available administrative relief before seeking relief in the courts. *Warren v. Allstate Ins. Co.,* 249 S. C. 89, 152 S. E. (2d) 727 (1967). This rule applies to actions brought under Sections 65-2662 and 65-2663. *Meredith v. Elliott,* 247 S. C. 335, 147 S. E. (2d) 244 (1966).

The lower court further concluded appellant had no substantive claim because the actions of the Richland County taxing authorities were properly authorized by Section 65-1776, 1962 Code (Section 12-39-220, 1976 Code) which provides in part as follows:

If the county auditor shall at any time discover that any real estate or new structure, duly returned and appraised for taxation, has been omitted from the duplicate he shall immediately charge it on the duplicate with the taxes of the current year and the simple taxes of each preceding year it may have escaped taxation.

The lower court found the five additional floors were "new structures" omitted from the duplicate during 1972 and 1973 and thus were properly taxed according to the mandate of Section 12-39-220, 1976 Code.

Appellant contends the trial judge erred in concluding taxpayer was required to exhaust all administrative remedies before seeking relief in the courts. Appellant argues that its failure should be excused because the additional taxes levied under Section 12-39-220, 1976 Code, were beyond the respondents' jurisdiction and thus illegal *ab initio.* Appellant cites *Andrews Bearing Corporation v. Brady,* 261 S. C. 533, 201 S. E. (2d) 241 (1973) as supportive of its position.

Although we have held that the doctrine of exhaustion of administrative remedies is not an invariable rule, *Andrews Bearing Corporation, supra,*[1] the lower

---

[1] In *Andrews Bearing Corporation v. Brady,* 261 S. C. 533, 201 S. E. (2d) 241 (1973) we held the trial court did not abuse its discretion by not requiring prior exhaustion of administrative remedies where the facts were undisputed and the issue involved was solely one of law.

court's conclusion that appellants are barred from seeking judicial relief did not constitute an abuse of discretion. Unlike *Andrews, supra,* this case presents mixed questions of law and fact.

Because of our affirmation of the lower court on the doctrine of exhaustion of administrative remedies we need not discuss the substantive issues presented on appeal. We are convinced, however, the trial judge reached a conclusion of which the evidence is susceptible, and thus this Court would be bound by his finding that the subject property escaped taxation in 1972 and 1973. *Chapman v. Allstate Insurance Co.,* 263 S. C. 565, 211 S. E. (2d) 876 (1975). Based on this finding, appellant's property was properly charged in 1974 with the taxes of the preceding two years. Section 12-39-220, 1976 Code.

Affirmed.