755 S.E.2d 444

ENGAGING AND GUARDING LAURENS COUNTY'S ENVIRONMENT ("EAGLE"), Petitioner,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and MRR Highway 92, LLC, Defendants,

of whom MRR Highway 92, LLC, is Respondent.

Appellate Case No. 2011–201706.

No. 27366.

Supreme Court of South Carolina.

Heard Oct. 3, 2013.

Decided March 12, 2014.

Rehearing Denied May 7, 2014.

Amy Elizabeth Armstrong of South Carolina Environmental Law Project, of Pawleys Island, for Petitioner.

W. Thomas Lavender, Jr. and Joan W. Hartley, both of Nexsen Pruet, LLC, of Columbia, for Respondent.

Chief Justice TOAL.

This case is an appeal from the court of appeals' decision reversing the administrative law court's (ALC) final order, which reversed and denied the South Carolina Department of Health and Environmental Control's (DHEC) issuance of a permit (the Landfill Permit) to MRR Highway, 92, LLC (Respondent) for a commercial construction, demolition waste and land-clearing debris (C & D) landfill (the Landfill). We reverse and reinstate the ALC's final order.

## FACTUAL/PROCEDURAL BACKGROUND

In February 2006, Respondent submitted a request to DHEC for a demonstration of need (DON) to obtain a solid waste management permit to construct and operate the Landfill in Laurens County, South Carolina.[1] DHEC approved Respondent's DON request for the Landfill on March 3, 2006, stating that DHEC had "evaluated the information and determined that pursuant to the provisions of [the DON Regulation], there is a need for this type of facility in the corresponding planning area."

---

1. This request was made pursuant to section 44–96–290(E) of the South Carolina Solid Waste Policy and Management Act of 1991 (the Act), S.C.Code Ann. §§ 44–96–10 to –470, and the regulation promulgated to implement section 44–96–290(E), S.C.Code Ann. Regs. § 61–107.17 (Supp.2008) (DON Regulation). The DON Regulation requires an applicant for any new or expanded commercial C & D landfill to submit a DON request prior to submitting a permit application to DHEC. S.C.Code Ann. Regs. § 61–107.17(D). DON approval may be terminated if DHEC subsequently denies the permit application, or the applicant fails to show evidence of diligent pursuit of the permit or any related necessary approval within 120 days of the DON request. *Id.* at § 61–107.17(C).

DHEC issued a draft permit for the Landfill on February 14, 2008, and published public notice of the draft permit.[2] DHEC received comments and letters questioning the need for the Landfill throughout the permitting process, which DHEC reviewed before issuing the Landfill Permit. In particular, EAGLE (Petitioner) submitted comments contesting the need for the Landfill. In the comments, Petitioner contended that because of the location, capacity, and condition of Curry Lake C & D landfill—located less than five miles from the proposed site of the Landfill—as well as various other landfills in upstate South Carolina, the Landfill was not needed. Upon request, DHEC held a public hearing regarding the Landfill Permit on March 13, 2008.

According to Kent Coleman, DHEC's Director of the Division of Mining and Solid Waste Management, DHEC reviewed Petitioner's concerns about the Landfill, but determined that none warranted its reconsideration of the DON approval. Therefore, on July 18, 2008, DHEC issued the requested Landfill Permit. DHEC informed Respondent of the permit approval via a letter, which stated that DHEC issued the Landfill Permit pursuant to Regulation 61–107.19, S.C.Code Ann. Regs. § 61–107.19(D). In addition, DHEC issued a memorandum to "Concerned Citizens," notifying them of the permit approval, and enclosed a Staff Decision Summary Report, which addressed the comments received at the public hearing and during the public comment period.[3]

Petitioner requested a final review conference by the DHEC Board, but the Board declined to hold a review confer-

---

2. Regulation 61–107.19 sets forth the permit application process. S.C.Code Ann. Regs. § 61–107.19(D). That regulation requires DHEC to publish notice in a newspaper of general circulation when a draft determination for any new or expanded landfill is ready for review. *Id.* § 61–107.19(D)(2)(b). The public then has a 30-day period to review the draft determination and submit comments to DHEC. *Id.* DHEC conducts a public hearing upon receipt of certain requests in writing. *Id.* Finally, after the close of the public comment period on the draft determination and the public hearing, DHEC issues a Department Decision. *Id.* § 61–107.19(D)(3).

3. The Staff Decision Summary Report states: "In reaching its decision on the [Landfill Permit] application, the Solid Waste Permitting Section reviewed all information submitted in the application, supplemental information submitted, and public comments."

ence. Thereafter, Petitioner requested a contested case hearing before the ALC, arguing, *inter alia*, that there was no need for the Landfill, and thus, DHEC should not have approved Respondent's DON request. Respondent filed a motion for partial summary judgment on all issues relating to the Landfill Permit. Petitioner also filed a motion for summary judgment and withdrew all grounds for appeal except for issues relating to the DON for the Landfill.

The ALC heard the cross motions for summary judgment and denied both motions, ruling that "a genuine issue of material fact exists as to whether any 'additional factors' beyond those specifically set forth in [the DON Regulation] required denial of the DON request." [4] Thus, on July 22, 2009, the ALC conducted a contested case hearing. The sole issue for determination at the hearing was whether "additional factors" beyond those listed in the DON Regulation required DHEC to deny the DON request pursuant to subsection (D)(3)(d) of the DON Regulation. At the hearing, three witnesses testified about the need for an additional C & D landfill in Laurens County, and Petitioner introduced exhibits providing information about the waste generation and landfill capacity for Laurens, Greenville, and Spartanburg counties.

Coleman testified that, pursuant to the DON Regulation, DHEC plotted the location of the Landfill on a map, counted the number of landfills within a 10–mile radius, and totaled the waste generated by all three counties within the 10–mile radius before approving Respondent's DON request in 2006. Coleman also testified that the planning area surrounding a proposed landfill—established by the DON Regulation—is a "regional concept" because many of the C & D landfills accept waste from other counties, but that there is no actual "regional plan" for dealing with C & D waste in Laurens, Greenville, and Spartanburg counties. Under the DON Regulation, DHEC only considers waste generated within the 10–mile radius in making DON determinations, whereas DHEC looks beyond the 10–mile radius to determine a new landfill's allowable permitted capacity. Further, Coleman testified that in

---

4. In addition to setting forth specific criteria in subsections (D)(3)(a)-(c), the DON Regulation states that DHEC "reserves the right to review additional factors in determining need on a case-by-case basis" in subsection (D)(3)(d). S.C.Code Ann. Regs. § 61–107.17(D)(3)(d).

reviewing Respondent's application, DHEC was aware of the permitted disposal rate of the landfills in Laurens, Greenville, and Spartanburg counties, but did not utilize the information pursuant to the DON Regulation's "additional factors" section in making its ultimate decision. *See* S.C.Code Ann. Regs. § 61–107.17(D)(3)(d).

The ALC issued a Final Order and Decision, reversing DHEC's decision to issue the Landfill Permit to Respondent. The ALC made substantial findings of fact. In particular, the ALC stated that "[a]n important consideration in addressing the need for a landfill is that the planning area established in the DON Regulation is a regional concept." Because many of the C & D landfills in the Landfill planning area accept waste from other counties, the ALC found that factor "must also be considered in conjunction with the utilization of those landfills." Therefore, the ALC set forth the waste generation and landfill capacity figures for Laurens, Greenville, and Spartanburg Counties for fiscal years 2005–2007. Based upon the findings of fact, the ALC considered the excess regional landfill capacity as an "additional factor" in determining need under the DON Regulation. The ALC found that the region already had more landfill capacity than the county or region needed, and thus, there was no need for the Landfill. Specifically, the ALC looked to the existing landfills "in proximity to the site of the [Landfill]," and found that the "32.9% utilization of existing capacity simply does not reflect a need for another landfill in the area." The ALC also noted that even after the closing of a particular landfill in Spartanburg County, and factoring in the annual tonnage of the Landfill into the existing C & D landfill capacity, "the use of existing capacity would only be 27.38%."

Respondent appealed the ALC's decision to the court of appeals. In an unpublished opinion, the court of appeals reversed the ALC's order and reinstated DHEC's decision "because [DHEC] acted within its discretion by declining to consider additional factors in issuing a[DON] to [Respondent]." *Engaging & Guarding Laurens Cnty.'s Env't v. S.C. Dep't of Health & Envtl. Control*, Op. No. 2011–UP–380 (S.C. Ct.App. filed August 4, 2011).

Petitioner appealed, and this Court granted the petition for writ of certiorari to review the court of appeals' opinion pursuant to Rule 242, SCACR.

## ISSUE PRESENTED

I. Whether the court of appeals erred in deferring to DHEC's decision to decline to consider "additional factors" under the DON Regulation? [5]

## STANDARD OF REVIEW

 A party who has exhausted all administrative remedies available within an agency and who is aggrieved by an ALC's final decision in a contested case is entitled to judicial review. S.C.Code Ann. § 1–23–380 (Supp.2012). In an appeal from a decision by the ALC, the Administrative Procedures Act (APA) provides the appropriate standard of review. *See* S.C.Code Ann. § 1–23–610(B) (Supp.2012). This Court will only reverse the decision of an ALC if that decision is:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

*Id.* Thus, this Court's review is limited to determining whether the ALC's findings were supported by substantial evidence or were controlled by an error of law. *Hill v. S.C. Dep't of Health & Envtl. Control,* 389 S.C. 1, 9, 698 S.E.2d 612, 616

---

**5.** In the alternative, Petitioner argues that DHEC's decision to approve the DON request was arbitrary and capricious or characterized by an abuse of discretion because DHEC did not, and has not ever, utilized subsection (D)(3)(d) of the DON Regulation in order to consider "additional factors." Based on our conclusion that the ALC properly reversed DHEC's issuance of the Landfill Permit, we need not address this argument. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 518 S.E.2d 591 (1999) (holding that the Court need not address remaining issues when resolution of a prior issue is dispositive).

(2010) (citations omitted). The Court may not substitute its judgment for the ALC's judgment as to the weight of the evidence on questions of fact. S.C.Code Ann. § 1-23-610(B). In determining whether the ALC's decision was supported by substantial evidence, this court need only find that, upon looking at the entire record on appeal, there is evidence from which reasonable minds could reach the same conclusion that the ALC reached. *Hill*, 389 S.C. at 9-10, 698 S.E.2d at 617.

## LAW/ANALYSIS

### I. *Regional Excess Landfill Capacity*

Petitioner asserts that the court of appeals erred in reversing the ALC's decision concluding that there is no need for the Landfill and in reinstating DHEC's decision to issue the permit. We agree.

Section 44-96-290(E) of the South Carolina Code provides, in part:

No permit to construct a new solid waste management facility or to expand an existing solid waste management facility may be issued until a demonstration of need is approved by the department.... The department shall promulgate regulations to implement this section....

S.C.Code Ann. § 44-96-290(E) (2002).

As directed by section 44-96-290(E), DHEC promulgated the DON Regulation. S.C.Code Ann. Regs. § 61-107.17 (Supp.2008).[6] The regulation sets forth the criteria DHEC should consider to determine the need for a landfill prior to issuing a DON approval. *See id.* The regulation states that a 10-mile "planning area" radius [7] around the proposed facility should be used to determine the need for a C & D landfill. *Id.*

---

6. The DON Regulation was implemented in 2000 and was amended effective June 26, 2009. Both DHEC and the ALC utilized the 2000 version in reviewing the application for the Landfill. As such, we will consider the original version of the DON Regulation in our analysis.

7. The amended version of the regulation requires a 20-mile "planning area" radius. S.C.Code Ann. Regs. 61-107.17(C)(3) (Supp.2012). Coleman testified that if the amended version's 20-mile radius had applied to determine the need for the Landfill, DHEC would have denied the Landfill Permit.

The regulation specifies that DHEC will consider the following criteria:

a. Where there are at least two (2) commercial disposal facilities under separate ownership within the planning area that meet the disposal needs for the area, e.g., that accept special waste and, if applicable, are capable of handling additional tonnage, no new disposal facility will be allowed. Disposal facilities that accept only waste generated in the county or region in which the disposal facility is located will not be considered in determining need.

b. Each disposal facility in the planning area will be allowed up to a maximum yearly disposal rate equal to the total amount of solid waste destined for disposal that is generated in the county or counties that fall, either all inclusive or a portion thereof, within the planning area. Disposal rates for existing facilities shall not be reduced pursuant to this provision.

c. In determining the amount of solid waste destined for disposal, [DHEC] will use figures in the current Solid Waste Annual Report for the proposed waste streams, e.g., the generation rate for a [C & D landfill] will be determined by adding the amounts of construction and debris [ ] destined for disposal in permitted [C & D landfills] in the counties that fall within the planning area.

d. [DHEC] **reserves the right to review additional factors** in determining need on a case-by-case basis.

*Id.* (emphasis added).

It is undisputed that the Landfill satisfied the requirements of subsections (a), (b), and (c) of the DON Regulation. However, Petitioner asserts that DHEC should have also utilized subsection (d) in analyzing the need for the Landfill and considered additional factors. Petitioner contends that DHEC should have considered the existing permitted disposal capacity in the counties that were a part of the Landfill's planning area as an additional factor, and thus, the ALC was correct in applying an "additional factor" under subsection (d).

■ Our state's constitution provides that "[n]o person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard … and he shall have in all such instances the right to judicial review." S.C. Const. art. I, § 22. To that end, the ALC conducts a de novo hearing in contested cases, complete with the presentation of evidence and testimony. *Hill*, 389 S.C. at 9, 698 S.E.2d at 616; *Brown v. S.C. Dept. of Health & Envtl. Control*, 348 S.C. 507, 512, 560 S.E.2d 410, 413 (2002). In contested permitting cases, the ALC presides as the fact-finder. *Brown*, 348 S.C. at 512, 560 S.E.2d at 413 (citation omitted). According to the APA, an ALC's "final decision *shall include* findings of fact and conclusions of law, separately stated." S.C.Code Ann. § 1–23–350 (2005) (emphasis added). Consequently, the ALC is authorized to make a final determination—after a final agency decision and subject to judicial review—as to whether an administrative agency should have granted or denied a particular permit. *See Brown*, 348 S.C. at 512–16, 560 S.E.2d at 413–15. As to factual issues, judicial review of administrative agency orders is limited to a determination whether the order is supported by substantial evidence. *MRI at Belfair, L.L.C. v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 1, 6, 664 S.E.2d 471, 474 (2008).

Because an ALC is not bound to an agency's factual findings or permitting decision, the ALC in this case was not bound to DHEC's decision issuing the Landfill Permit, in which DHEC declined to consider the excess regional capacity as an "additional factor" in determining need. *See Hill*, 389 S.C. at 9, 698 S.E.2d at 616; *Brown*, 348 S.C. at 512, 560 S.E.2d at 413. For that reason, the ALC in this case conducted a full contested hearing, de novo, and made its own findings of fact. We hold that those findings of fact are supported by substantial evidence. Upon finding that the facts warranted the application of the "additional factor" because the C & D landfills in the Landfill planning area accept waste from other counties, the ALC—unlike DHEC—applied an "additional factor" based on those factual findings. S.C.Code Ann. Regs. § 61–107.17(D)(3)(d) (permitting the application of "additional factors in determining need on a case-by-case basis").

■ We find that the ALC, as the fact finder and the final agency decision maker was authorized to apply regional excess capacity as an "additional factor" in denying the Landfill Permit, regardless of the fact that DHEC declined to utilize the "additional factors" section of the DON Regulation. *See* S.C.Code Ann. § 1–23–610(B) ("The Court may not substitute its judgment for the ALC's judgment as to the weight of the evidence on questions of fact."). Accordingly, we disagree with the court of appeals' deference to DHEC's decision to decline to apply the "additional factors" section and hold that the ALC committed no error of law in reversing DHEC's decision.[8] Thus, we find that the ALC properly considered the regional excess landfill capacity by making a conclusion of law *based upon* the ALC's own findings of fact, and as a result, the ALC was not required to defer to DHEC's decision.

■ Respondent argues that regional excess landfill capacity is not an appropriate "additional factor" for consideration under the DON Regulation. We disagree, and find that the ALC was permitted to consider regional excess landfill capacity as an additional factor because it was a matter at issue that had been litigated from the time the Landfill Permit was first contested. We emphasize that in this case, the ALC did not conceive a new factor, nor did it consider evidence outside of the existing record. Instead, in determining the Landfill was not needed, the ALC considered and utilized in its decision a factor that was discussed during the public comment period and tried at the ALC hearing. We conclude that the ALC's application of regional excess landfill capacity as an "additional factor" under the DON Regulation was supported by substantial evidence. *See Hill*, 389 S.C. at 9, 698 S.E.2d at 616. Therefore, the ALC did not exceed its authority in reversing DHEC's decision.

## CONCLUSION

For the foregoing reasons, we reverse the court of appeals and reinstate the ALC's order denying the Landfill Permit.

**REVERSED.**

---

8. We note that, likewise, in its opinion, the court of appeals pointed to no error of law on the part of the ALC, as required by section 1–23–610(B) to reverse an ALC's decision.

BEATTY, KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., concurring in result only.