764 S.E.2d 720

MITUL ENTERPRISES, L.P., Appellant,

v.

BEAUFORT COUNTY ASSESSOR, Respondent.

Appellate Case No. 2013–000106.

No. 5275.

Court of Appeals of South Carolina.

Heard Sept. 8, 2014.
Decided Oct. 15, 2014.
Rehearing Denied Nov. 21, 2014.

James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, for Appellant.

Stephen P. Hughes and William Thomas Young, III, both of Howell Gibson & Hughes, PA, of Beaufort, for Respondent.

KONDUROS, J.

Mitul Enterprises, L.P. (Mitul) appeals the Administrative Law Court's (ALC) ruling affirming the imposition of an additional $105,282.48 to its 2009 tax bill.  We affirm.

## FACTS/PROCEDURAL BACKGROUND

In 2007, Mitul began construction of a new Holiday Inn in Beaufort, South Carolina. Construction was not completed until 2008, and therefore, the Holiday Inn structure was to be taxed for the first time in the 2009 tax year. Prior to construction of the new Holiday Inn, the property had been improved with other structures, including a restaurant. The property was assessed a value of $930,300.00, resulting in a 2008 tax bill of $13,220.75.

After construction of the hotel was completed, the Beaufort County Tax Assessor (Assessor) found the market value of the newly-improved property was $11,775,674.00 and noticed Mitul of this in September of 2009. Mitul successfully challenged that valuation, and the Assessor reduced the market value of the property to $9,000,000.00. The Assessor notified Mitul of this revision in writing in April of 2010 and also issued Mitul a new tax notice. However, the new tax notice continued to reflect a taxable amount based on the pre-improvement value of the property. Because of this error, the tax due was listed as $14,209.10.

According to the Assessor, this omission of the Holiday Inn from the tax rolls was the result of an error in the software used to create the tax rolls that failed to incorporate those structures for which building permits and certificates of occupancy were issued in different years. Because the building permit and certificate of occupancy for the hotel were issued in different years, the hotel was inadvertently omitted from the tax rolls.

Upon discovery of the omission, the Assessor, through the Beaufort County Treasurer, issued a corrected 2009 tax bill reflecting additional taxes in the amount of $105,282.48. Mitul objected to the additional tax, contending it constituted an unwarranted reassessment. Mitul exhausted its administrative appeals with a final decision from the ALC affirming the Assessor's decision. This appeal followed.

## STANDARD OF REVIEW

A party who has exhausted all administrative remedies available within an agency and who is aggrieved by an ALC's final decision in a contested case is entitled to judicial review. S.C.Code Ann. § 1–23–380 (Supp.2013). "[T]his

[c]ourt's review is limited to determining whether the ALC's findings were supported by substantial evidence or were controlled by an error of law." *Engaging & Guarding Laurens Cnty.'s Env't (EAGLE) v. S.C. Dep't of Health & Envtl. Control,* 407 S.C. 334, 341, 755 S.E.2d 444, 448 (2014). "Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law *de novo." Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008). "[T]he [c]ourt generally gives deference to an administrative agency's interpretation of an applicable statute or its own regulation." *Brown v. Bi–Lo, Inc.,* 354 S.C. 436, 440, 581 S.E.2d 836, 838 (2003).

## LAW/ANALYSIS[1]

█ Mitul contends the ALC erred in finding the taxpayer was not to be given the benefit of the doubt in this case in determining whether the County Assessor could levy taxes pursuant to the statute and in finding the new construction constituted omitted property under the statute. We disagree.

While a tax statute is to be reasonably construed as a whole with the view of carrying out its purpose and intent, where the language relied upon to bring the particular person or subject within the law is ambiguous or is reasonably susceptible of an interpretation that would exclude the person or subject sought to be taxed, the well-established general rule requires that any substantial doubt should be resolved against the government and in favor of the taxpayer.

*Fuller v. S.C. Tax Com'n,* 128 S.C. 14, 21, 121 S.E. 478, 481 (1924) (citations omitted).

█ In the instant case, Mitul does not contend the Holiday Inn property should not be taxed for 2009 because of an ambiguity in any statute that imposes a tax. Instead, Mitul challenges the interpretation of section 12–39–220 of the South Carolina Code (2014), a statute regarding which public official,

---

1. Issues 2, 5, and 6 as delineated in Mitul's appellate brief were not ruled on by the ALC, and Mitul did not file a motion for reconsideration to obtain rulings on those issues. Therefore, these issues are not preserved for our review. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

the County Assessor or the County Auditor, can order collection of an otherwise properly assessed tax.[2] We recognize a strict construction of section 12–39–220 may result in Mitul avoiding the tax at issue; nevertheless, the statute itself does not define who shall be taxed and does not require the favorable taxpayer construction urged by Mitul.

■ Because we are not dealing with a statutory ambiguity regarding whether the Holiday Inn should be taxed, we are to construe section 12–39–220 "reasonably" and "as a whole with the view of carrying out its purpose and intent." *Fuller*, 128 S.C. at 21, 121 S.E. at 481. The purpose of the statute is to collect taxes that inadvertently escaped taxation. At the contested hearing, the County Assessor testified some of the terminology in section 12–39–220 is outdated in light of the technology now employed by the taxing offices. Furthermore, the record presents no evidence that contradicts the summation in the ALC's order regarding the division of labor between County Auditors and County Assessors. The ALC determined:

> Both parties acknowledge that the language of Section 220, and indeed several other code sections, is obsolete because it refers to the county auditor performing functions related to the taxation of real property that are now routinely performed by the assessor in each county. Section 220 speaks of the Auditor maintaining the duplicate, charging the real property taxes, and appraising the real property. All those are duties which currently fall under the authority and duties of the Beaufort County Assessor.

Because we give deference to an agency's construction of a statute regarding its operation and because this construction is reasonable and furthers the legislative intent of collecting duly owed taxes, we affirm the ALC's determination the County Assessor had authority to act as it did in this case.

---

2. Section 12–39–220 provides "[i]f *the county auditor* shall at any time discover that any real estate or new structure, duly returned and appraised for taxation, has been omitted from the duplicate, he shall immediately charge it on the duplicate with the taxes of the current year and the simple taxes of each preceding year it may have escaped taxation." (emphasis added).

■ Having determined the Assessor was an appropriate party to levy the additional tax, we turn now to the question of whether the Holiday Inn otherwise falls within the omitted property statute in this case. The issue here is analogous to the issues and facts in *Columbia Developers, Inc. v. Elliott,* 269 S.C. 486, 238 S.E.2d 169 (1977). In that case, the taxpayer added five additional stories to a building it owned in Columbia. *Id.* at 488, 238 S.E.2d at 170. The additional floors were ready for occupancy in 1971, and in 1972, the assessor notified the taxpayer of the value of the improvements. *Id.* "Through inadvertence or otherwise, the increase in the assessed value of [taxpayer]'s property was not included on the auditor's rolls for the tax years 1972 and 1973 and thus the taxes levied on the property in question for those two years were based on the 1971 assessed value." *Id.* at 489, 238 S.E.2d at 170. In 1974, taxpayer received a notice of appraisal and assessment that reflected the value of the five-story improvement and received notice of back taxes owed from 1972 to 1973. *Id.* "These back taxes were charged under the authority of [section 12–39–220]." *Id.* at 489, 238 S.E.2d at 171.

The court in *Columbia Developers* dismissed the taxpayer's appeal on the basis that he had failed to exhaust his administrative remedies, and Mitul attempts to distinguish *Columbia Developers* on that basis. *Id.* at 491, 238 S.E.2d at 171. However, the court determined that although it "need not discuss the substantive issues on appeal" it was "convinced" the trial court's conclusion the "property escaped taxation in 1972 and 1973" was supported by the evidence and the back taxes were properly charged. *Id.*

The facts in this case are nearly identical to those in *Columbia Developers.* The additional improvements were made to the property and assigned a value of which Mitul was well aware. The additional taxes that should have flowed from that increase in value were inadvertently not charged because of a software error. The Holiday Inn improvements escaped taxation, and it is appropriate to treat those improvements as omitted property under section 12–39–220. While we understand the dictum in *Columbia Developers* is not binding on this court, we find its reasoning to be persuasive.

Because the improvements to Mitul's property were properly assessed as omitted property, the decision of the ALC is

**AFFIRMED.**

HUFF and SHORT, JJ., concur.