755 S.E.2d 114

**Charles STUBBS, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF EMPLOYMENT AND WORKFORCE and JSE, LLC, Respondents.**

Appellate Case No. 2012–212280.

No. 5202.

Court of Appeals of South Carolina.

Heard Oct. 8, 2013.

Decided March 5, 2014.

Kirby Rakes Mitchell, of Greenville, and Jack E. Cohoon, of Columbia, both of S.C. Legal Services, for Appellant.

Maura Dawson Baker, of the South Carolina Department of Employment and Workforce, of Columbia, for Respondent.

FEW, C.J.

Charles Stubbs appeals an order from the Administrative Law Court (ALC) affirming the South Carolina Department of Employment and Workforce's dismissal of Stubbs' appeal as untimely. We find the ALC improperly made its own factual findings in violation of its standard of review. Therefore, we vacate the ALC's order and remand.

## I. Appeals from the Department of Employment and Workforce

Section 41–35–610 of the South Carolina Code (Supp.2013) provides that "a claim for [unemployment] benefits must be made pursuant to regulations the department promulgates." According to those regulations, the department's initial determination regarding unemployment benefits is made by a claims adjudicator. S.C.Code Ann. Regs. 47–51 (2011). A party aggrieved by the adjudicator's decision may appeal to the department's "appeal tribunal," which conducts a de novo hearing at which the parties may present testimony to the tribunal. *Id.* The next level for appeal is the department's "appellate panel," which decides the appeal based solely on the evidence in the record before the appeal tribunal. S.C.Code Ann. Regs. 47–52 (2011). The appellate panel's decision may then be appealed to the ALC. S.C.Code Ann. § 41–35–750 (Supp.2013). Finally, a party may appeal the decision of the ALC to the court of appeals. *See id.* ("An appeal may be taken from the decision of the [ALC] pursuant to the ... Appellate Court Rules and Section 1–23–610."); S.C.Code Ann. § 1–23–610(A)(1) (Supp.2013) ("For judicial review of a final decision of an administrative law judge, a notice of appeal by an aggrieved party must be served and filed with the court of appeals as provided in the ... Appellate Court Rules.").

## II. Facts and Procedural History

Stubbs applied for unemployment benefits with the department following a car accident that left him unable to continue working for JSE, LLC. The department's adjudicator made an initial determination that Stubbs was eligible for benefits. JSE appealed to the department's appeal tribunal.

On June 14, 2011, the appeal tribunal held a hearing in which Stubbs and a witness for JSE appeared. The appeal tribunal reversed the adjudicator's determination and found Stubbs was disqualified from receiving unemployment benefits because he quit his employment with JSE voluntarily and without good cause. On June 17, 2011, the department mailed the appeal tribunal's decision to Stubbs. The decision notified Stubbs that he may "file an appeal to the Appellate Panel setting forth in detail the grounds for appeal within ten ... calendar days," and that his "appeal may be filed in person at any Workforce Center, or by mail, addressed to Appellate Panel, Post Office box 995, Columbia, South Carolina, 29202."

Stubbs filed an appeal by mail. The envelope containing his appeal arrived at the department bearing a postmark of June 29, 2011, which was twelve days after the department mailed the decision.

In a letter dated August 3, 2011, the appellate panel informed Stubbs it was dismissing his appeal as untimely because he did not file it within ten days. However, the appellate panel advised Stubbs of his right to request that the appellate panel reconsider its decision by "setting forth the reasons for the untimeliness of your appeal."

Stubbs then submitted a handwritten letter asserting he mailed his appeal on June 25, 2011, which was only eight days after the date the department mailed the decision. The appellate panel remanded the case to the appeal tribunal to conduct an evidentiary hearing regarding the timeliness of Stubbs' appeal, stating, "Once this testimony has been received, the record will be reviewed by the [appellate panel]." [1]

At the hearing, Stubbs testified he received the June 17 decision "probably around the 20th" of June. Stubbs asserted he placed his appeal in the outgoing mail slot at his apartment

---

1. The department's regulations provide that the appellate panel may direct the appeal tribunal to take additional evidence. The appellate

complex the next day, Tuesday, June 21. When asked how he mailed the appeal, Stubbs stated: "I mailed this at my house. [My apartment complex has] a box where the mailman comes, and . . . you got little slots where you can [put] outgoing mail." Stubbs further explained he placed the appeal "in my box . . . it's not a U.S. postal box, it's a box . . . I guess it is. Well, I guess it is because . . . it's a box that's used by the apartment complex . . . for delivering . . . or picking up mail." Stubbs could not explain the June 29 postmark on his appeal.

Based on the evidence and testimony presented at the appeal tribunal's hearing, the appellate panel ruled Stubbs' appeal was properly dismissed as untimely. The appellate panel concluded:

> Although [Stubbs] asserts he mailed the appeal June 21, 2011, it was not postmarked until June 29, 2011, which was eight (8) days later. [Stubbs] was aware he was mailing a time-sensitive document, and it was his responsibility to ensure that the appeal was timely filed. [Stubbs] filed an untimely appeal due to his own error or neglect. Therefore the appeal is dismissed as untimely, and the Appeal Tribunal decision is final as a matter of law.

Stubbs appealed to the ALC, arguing the appellate panel erred because "[t]he uncontradicted evidence of record is that [Stubbs] placed his appeal in the mail within the ten-day time frame of [section] 41–35–680, and that, through no fault of his own, the appeal was delayed in its transmission to [the department]."

The ALC affirmed the appellate panel's decision. The ALC, like the appellate panel, acknowledged Stubbs' assertion that he deposited his appeal in the outgoing mail slot at his apartment complex on June 21, 2011. However, the ALC stated:

> [Stubbs] testified that the mail slot where he placed the envelope was not a U.S. Postal Box, authorized by the United States Postmaster General for receipt and delivery of mail. . . . In essence, [Stubbs] merely gave his notice of appeal to a third party, rather than to [the department] or the United States Postal Service. . . . In this case [Stubbs']

---

panel may then issue its own decision based on the additional evidence heard by the appeal tribunal. *See* S.C.Code Ann. Regs. 47–52(C)(3) (2011).

actions did not constitute timely or proper service of his Notice of Appeal upon the Department.

Stubbs now appeals to this court, claiming the ALC improperly made its own factual findings and based its decision on those findings.

### III. Law/Analysis

The ALC reviews final agency decisions—such as the department's unemployment benefits determination in this case—in its appellate capacity "as prescribed in [South Carolina Code] Section 1–23–380 [ (Supp.2013) ]." S.C.Code Ann. § 1–23–600(E) (Supp.2013). Subsection 1–23–380(5) provides the reviewing court "may affirm the decision of the agency," "remand the case for further proceedings," or "reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (d) affected by [an] error of law; [or] (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . ." The ALC "may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact." *Id.; see also* § 41–35–750 (stating "the findings of the department regarding facts, if supported by evidence . . ., must be conclusive and the jurisdiction of the [ALC] must be confined to questions of law"). Accordingly, the ALC, sitting in its appellate capacity, may not make its own factual findings. *See Todd's Ice Cream, Inc. v. S.C. Emp't Sec. Comm'n*, 281 S.C. 254, 258, 315 S.E.2d 373, 375 (Ct.App.1984) (stating the standard set forth in section 1–23–380 "does not allow judicial fact-finding" by the reviewing court).

As we read the appellate panel's findings, Stubbs did not act timely in mailing the appeal of the appellate tribunal's decision to the appellate panel. The appellate panel's decision, therefore, appears to be based on Stubbs' untimely placement of the document in the mailbox. The ALC, on the other hand, did not base its decision on the timeliness of Stubbs' actions, but made its own finding that Stubbs did not place the appeal in a United States Postal Service mailbox. Thus, the appellate panel's decision is based on Stubbs' untimely action of depositing the appeal in the mailbox, but the ALC affirmed based on Stubbs' action of depositing the appeal in an improper mailbox. The ALC did not review the finding made by the

appellate panel, but instead affirmed based on its own finding, which was not made by the appellate panel. This violates the ALC's standard of review. Therefore, we vacate the ALC's order.

On remand, the ALC shall review the department's factual findings in accordance with section 1–23–380. If the ALC determines the department's findings are not sufficiently detailed to enable review, it may remand to the appellate panel. *See Able Commc'ns, Inc. v. S.C. Pub. Serv. Comm'n*, 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986) (vacating and remanding where the agency's findings of fact were insufficient to allow for a review of the agency decision, and stating, "The findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings."). If the ALC determines the factual findings of the department are sufficient, it must review those findings within its standard of review, and it may not make factual findings of its own.

## IV. Conclusion

The ALC's order is **VACATED** and the case is **REMANDED** to the ALC.

KONDUROS, J., concurs.

PIEPER, J., concurs in result only.