# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Nucor Corporation, Appellant,

v.

South Carolina Department of Employment and Workforce and Kim A. Legette, Respondents.

Appellate Case No. 2012-206406

---

Appeal from The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Opinion No. 27462
Heard January 7, 2014 – Filed November 12, 2014

---

**AFFIRMED**

---

Nosizi Ralephata and John S. Wilkerson, III, both of Turner, Padget, Graham & Laney, of Charleston, for Appellant.

Nancy Bloodgood and Lucy Clark Sanders, both of Foster Law Firm, LLC, of Daniel Island, and Sandra Bell Grooms and Debra S. Tedeschi, both of Columbia, for Respondents.

---

**JUSTICE KITTREDGE:** This direct appeal from the Administrative Law Court (ALC) presents a threshold procedural challenge to appealability and substantively, to the awarding of unemployment benefits to an employee terminated for failing a

drug test administered by a laboratory that was not properly certified. Because this appeal arises from a final resolution of all issues, we find the matter is appealable. We affirm the ALC.

# I.

The facts are straightforward. Respondent Kimberly Legette was employed by Appellant Nucor Corporation (Nucor) from August 24, 1998, through April 22, 2010. Nucor terminated Legette's employment on April 22, 2010, after Legette failed a random on-site drug test in violation of Nucor's drug policy. A hair sample collected from Legette by Nucor on April 6, 2010, tested positive for marijuana. Pursuant to Nucor's drug policy, a second hair sample was collected on April 15, 2010, which also tested positive for marijuana. Although Legette obtained an independent drug test on April 15, 2010, which tested negative for drugs, she was fired from her job at Nucor based on the two positive drug test results.

Legette subsequently applied for unemployment benefits. Nucor requested that Legette be denied unemployment benefits, contending she was statutorily ineligible to receive them because she was fired for violating Nucor's drug policy by testing positive for drugs.

There are various reasons a person may be statutorily ineligible to receive unemployment benefits upon termination from employment, including:

> (2)(a) Discharge for misconduct connected with the employment . . . [including] conduct . . . in deliberate violation[] or disregard of standards of behavior which the employer has the right to expect of his employee . . . .

> (3)(a) Discharge for illegal drug use . . . if the:

>> (i) company has communicated a policy prohibiting the illegal use of drugs, the violation of which may result in termination; and

>> (ii) insured worker fails or refuses to provide a specimen pursuant to a request from the employer, or otherwise fails or refuses to cooperate by providing an adulterated specimen; or

(iii) insured worker provides a blood, hair, or urine specimen during a drug test administered on behalf of the employer, which tests positive for illegal drugs or legal drugs used unlawfully, provided:

(A) the sample was collected and labeled by a licensed health care professional or another individual authorized to collect and label test samples by federal or state law, including law enforcement personnel; and

(B) *the test was performed by a laboratory certified by the National Institute on Drug Abuse, the College of American Pathologists or the State Law Enforcement Division*; and

(C) an initial positive test was confirmed on the specimen using the gas chromatography/mass spectrometry method, or an equivalent or a more accurate scientifically accepted method approved by the National Institute on Drug Abuse;

. . . .

(4) Discharge for gross misconduct . . . due to . . . failure to comply with applicable state or federal drug and alcohol testing and use regulations . . . .

S.C. Code Ann. § 41-35-120 (Supp. 2013) (emphasis added).

The procedural history is a morass. On May 26, 2010, the Department of Employment and Workforce (DEW) initially determined that Legette was disqualified from receiving unemployment benefits for twenty-six weeks under subsection (2) of section 41-35-120 for misconduct by violating Nucor's policy concerning drug use. Legette appealed that decision to the DEW appeal tribunal (Tribunal). During the Tribunal hearing, Legette denied using marijuana but admitted being in the presence of a family member who smoked marijuana regularly. The Tribunal determined Legette was indefinitely disqualified from receiving unemployment benefits. The Tribunal, however, grounded its decision under subsection (3) of section 41-35-120 because she was discharged from employment for illegal drug use.

Legette appealed the Tribunal's decision to the DEW appellate panel (Panel). In its decision, the Panel did not address any of the previous findings regarding subsections (2) or (3) of section 41-35-120. Rather, the Panel reversed the previous determinations on the basis of subsection (4), finding the negative results from Legette's independent drug test demonstrated that Legette had not used illegal drugs and was therefore not barred from receiving unemployment benefits by subsection (4) of section 41-35-120.

Thereafter, Nucor petitioned the Administrative Law Court (ALC) for judicial review, arguing the positive results of the drug tests administered by the laboratory retained by Nucor demonstrated Legette was statutorily ineligible to receive employment benefits under subsections (2), (3), and (4) of section 41-35-120. On May 24, 2011, the ALC rejected Nucor's arguments and affirmed as to subsections (2) and (4), adopting the Panel's findings as findings of fact. The ALC declined to make a finding as to subsection (3). Rather, the ALC found the Panel failed to address whether the laboratory that performed the drug tests was properly certified. As a result, the ALC remanded the matter to the DEW to determine whether subsection (3) barred Legette's eligibility to receive unemployment benefits. *See* S.C. Code Ann. § 41-35-120(3)(a)(iii)(B) (providing that drug testing under this subsection must be performed by a "laboratory certified by the National Institute on Drug Abuse [NIDA], the College of American Pathologists or the State Law Enforcement Division").

Thereafter, Nucor filed a notice of appeal with the court of appeals, seeking review of the ALC's May 24, 2011 decision as to subsections (2) and (4), arguing the ALC's decision was a final determination as to Legette's eligibility under those two subsections, notwithstanding the remand as to subsection (3). However, the court of appeals dismissed the appeal, finding the ALC's order was not a final decision and thus was not immediately appealable. The matter was remanded to the DEW pursuant to the prior order of the ALC.

Upon remand, the matter was apparently referred to the Tribunal, which ruled just as it had originally, finding the drug testing laboratory Nucor used was properly certified and, therefore, that Legette was disqualified from receiving benefits pursuant to subsection (3) based on her illegal drug use. Legette appealed, and on December 9, 2011, the Panel reversed, addressing subsection (3) for the first time. The Panel found the drug testing laboratory Nucor used was not properly certified in accordance with the requirements of subsection (3). Nucor contended that the laboratory it selected met the certification requirements of the NIDA.

The NIDA organization referenced in section 41-35-120(3)(a)(iii)(B) no longer exists. The Tribunal had earlier determined that the drug testing laboratory's Department of Health and Human Services (HHS) certification was the functional equivalent of NIDA certification and thus complied with the statutory certification requirements. However, the Panel disagreed and found the laboratory retained by Nucor was not statutorily certified.[1] The Panel concluded that under the circumstances, positive drug test results from a non-certified laboratory could not serve as a basis to deny unemployment benefits.

Neither party appealed the Panel's December 9, 2011 decision to the ALC; thus, the Panel's findings became the final agency decision. *See* S.C. Code Ann. § 41-35-740 (Supp. 2013) ("A decision of the department, in the absence of an appeal from it as provided in this article, becomes final ten days after the date of notification or mailing of it . . . ."). Moreover, the Panel's decision stands as the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case." (citing *Buckner v. Preferred Mut. Ins. Co.,* 255 S.C. 159, 160–61, 177 S.E.2d 544, 544 (1970))).

On January 9, 2012, Nucor filed a second notice of appeal to challenge the ALC's May 24, 2011 decision as to subsections (2) and (4). Specifically, Nucor stated:

> Appellant [is] not challenging the [December 9, 2011] decision of the Appellate Panel on the single narrow issue regarding certification of the laboratory [under subsection (3) of section 41-35-120]. As a result, [the ALC's May 24, 2011] Order is now final as to all issues raised to that body by Appellant and is ripe for appeal.

The appeal was certified for review by this Court pursuant to Rule 204(b), SCACR.

---

[1] The Panel found "that [the College of American Pathologists] certified hair testing at the time of the April 2010 drug tests and that the employer could have complied with the statute by utilizing a [College of American Pathologists] certified lab to confirm the hair test."

## II.

Respondents DEW and Legette argue this matter is not appealable because Nucor failed to appeal the Panel's December 9, 2011 findings regarding subsection (3) to the ALC. Therefore, according to Respondents, Nucor may not seek judicial review of the ALC's May 24, 2011 findings as to subsections (2) and (4) because there is no final order from the ALC for this Court to review pursuant to section 1-23-610 of the South Carolina Code. Nucor counters that the ALC's prior order concerning subsections (2) and (4) became final when the Panel's decision regarding subsection (3) became the final agency decision. While the more prudent course may have been for Nucor to appeal the Panel's subsection (3) decision to the ALC, we believe Nucor is technically correct on the appealability issue.

Judicial review of disputes arising from the DEW is governed by the Administrative Procedures Act (APA). S.C. Code Ann. § 41-35-750 (Supp. 2013). Pursuant to the APA, "[a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . . ." S.C. Code Ann. § 1-23-380 (Supp. 2013). In proceedings governed by the APA, "[a] final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010) (citation omitted). "An agency decision which does not decide the merits of a contested case is not a final agency decision subject to judicial review." *Bone v. U.S. Food Serv.*, 404 S.C. 67, 73–74, 744 S.E.2d 552, 556 (2013) (internal marks omitted) (citing *S.C. Baptist Hosp. v. S.C. Dep't of Health & Envtl. Control,* 291 S.C. 267, 270, 353 S.E.2d 277, 279 (1987)) (finding an order remanding matter to the administrative agency was not a final order and was not immediately appealable).

As previously noted, Nucor initially filed a notice of appeal with the court of appeals immediately following the ALC's May 24, 2011 order. However, because the ALC ordered a remand and did not finally determine the issue of Legette's eligibility for unemployment benefits, the court of appeals found the order was interlocutory and not immediately appealable. Nucor now contends that the ALC's May 24, 2011 order became final as to the rulings on subsections (2) and (4) when no appeal was taken from the Panel's December 9, 2011 order concerning

subsection (3).  Nucor argues it was not required to appeal the Panel's December 9, 2011 decision regarding subsection (3), to which it takes no exception, in order to seek judicial review of the ALC's May 24, 2011 determination regarding subsections (2) and (4), which were finally determined by the ALC and were not at issue upon remand to the agency.  We agree, although the final decision concerning subsection (3) is inextricably linked to the issues raised in Nucor's brief.

While Nucor's decision not to challenge the Panel's adverse finding as to subsection (3) does not foreclose an appeal from the final judgment, the unappealed finding that the laboratory Nucor selected was not properly certified under subsection (3) impacts, under these particular circumstances, appellate review of the ALC's final judgment respecting subsections (2) and (4) of section 41-35-120.  This is so because the central argument of Nucor on appeal focuses on the purported error of the ALC in relying on a test administered by a laboratory other than the one utilized by the employer.  Nucor's assignment of error is that it was improper to rely on "an off-site test not performed by the employer."  Nucor's position may be correct where the employer-retained laboratory is properly certified under subsection (3) and the other requirements of section 41-35-120 are met.  Moreover, we agree with Nucor that an employer may elect to discharge an employee as a result of a positive drug test administered by a non-certified laboratory.  But our agreement with Nucor in this regard is not dispositive of this appeal.

The narrow question before us as framed by Nucor is whether, in the context of determining Legette's eligibility for benefits in this case, it was permissible to consider evidence other than the positive drug test results from the non-certified laboratory retained by Nucor, including the drug testing performed off-site at Legette's request by another laboratory. We find it was permissible to consider the additional evidence.  Nucor makes the argument that a finding under subsection (3) "does not mean . . . an employer cannot utilize one or more sections of the same statute, which would otherwise be just as applicable to reach the same result."  We do not disagree with Nucor in the abstract.  In this case, however, Nucor's reliance on several statutory grounds to justify the nonpayment of unemployment benefits arises from one fact—the positive drug test results.  That renders Nucor's failure to

utilize a certified laboratory a relevant consideration under the entirety of section 41-35-120.  Consequently, Nucor's argument that the ALC could not consider evidence beyond the positive drug test results from Nucor's retained non-certified laboratory is rejected.[2]

In sum, we conclude there is evidence to support the ALC's finding that the positive results from Legette's on-site drug tests did not bar her from receiving unemployment benefits under subsections (2) and (4) of section 41-35-120.  Although we agree the results of the on-site drug tests support Nucor's challenge to Legette's eligibility for unemployment benefits, we may not substitute our view of the evidence for that of the fact-finder.  Under the deferential substantial evidence standard of review, we are constrained to affirm the ALC's factual findings when supported by some evidence in the record.  *See Engaging & Guarding Laurens Cnty.'s Env't (EAGLE) v. S.C. Dep't of Health & Envtl. Control*, 407 S.C. 334, 342, 755 S.E.2d 444, 448 (2014) ("In determining whether the ALC's decision was supported by substantial evidence, this court need only find that, upon looking at the entire record on appeal, there is evidence from which reasonable minds could reach the same conclusion that the ALC reached." (citing *Hill v. S.C. Dep't of Health & Envtl. Control,* 389 S.C. 1, 9–10, 698 S.E.2d 612, 617 (2010))); *Friends of Earth v. Pub. Serv. Comm'n of S.C.*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010) ("In applying a substantial evidence test, an appellate court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact . . . ." (citations omitted)).  The contrary evidence, including the off-site drug test results and otherwise, provides sufficient evidence to survive the substantial evidence standard of review.

### III.

We find the ALC's May 24, 2011 order was final and appealable once the Panel's December 9, 2011 decision became final, and we affirm the findings of the ALC as to subsections (2) and (4) of section 41-35-120 because they are supported by substantial evidence in the record.

---

[2] We agree with the views expressed in Chief Justice Toal's concurring opinion.

**AFFIRMED.**

**HEARN, J. concurs. PLEICONES and BEATTY, JJ., concurring in result only.  TOAL, C.J., concurring in a separate opinion.**

**CHIEF JUSTICE TOAL:** While I concur with the result reached by the majority based on the particular facts of this case, I write separately to express my misgivings regarding the Panel's use of such a strict reading of section 41-35-120. Legette tested positive for marijuana twice, as demonstrated through drug tests administered by a certified laboratory. While the laboratory was not one of the three listed in the subsection (3)(B) of the statute, the Tribunal determined that the laboratory's certification was comparable to that of the three listed in the statute. Further, one of the three laboratories listed in the statute (the NIDA) no longer exists. As such, not only do I urge the General Assembly to consider amending the statute to reflect this change, but I also find that Nucor's drug tests on Legette served as a reliable indicator of her illegal drug usage, which is clearly a proper ground for termination. Additionally, a for-cause termination for illegal drug use would completely justify a denial of unemployment benefits.

Nonetheless, the Panel decided not to accept evidence of the positive drug tests because the laboratory that performed the tests was not one of the three listed in the statute. I do not believe this reading is faithful to the legislative intent of the statute, which is to have the drug tests performed by a reliable, outside laboratory.

However, Nucor did not properly place the laboratory certification issue before this Court. It did not seek a ruling from the ALC on this issue. While subsections (2) and (4) received a final ruling from the ALC and are thus appealable, the ruling on subsection (3) regarding the validity of the laboratory's certification was not appealed to the ALC. Thus, the ALC did not rule upon this issue, and the Panel's ruling that the certification was inadequate is the law of the case. As a result, this issue is not appealable here.

Given the procedural posture of this case, I believe the majority reached the correct result; however, I also believe that, had Nucor properly appealed the laboratory's certification, Legette would not be entitled to unemployment benefits given her multiple positive drug tests. Therefore, I concur in the result reached by the majority.