**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Rest Assured, LLC, Respondent,

v.

South Carolina Department of Employment and Workforce, Petitioner.

Appellate Case No. 2014-002233

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

---

Memorandum Opinion No. 2015-MO-072
Heard November 17, 2015 – Filed December 9, 2015

---

**REVERSED**

---

Debra Sherman Tedeschi, of Columbia, for Petitioner.

Thornwell F. Sowell, III and Tina Marie Cundari, both of Sowell Gray Stepp & Laffitte, LLC, of Columbia; and David Cochran Dick, Jr., of Charleston, for Respondent.

---

**PER CURIAM:**  We granted certiorari to review the decision of the Court of Appeals reversing the Administrative Law Court's (ALC's) determination that respondent Rest Assured's workers were employees for purposes of unemployment tax liability.  *Rest Assured, LLC v. S.C. Dep't of Emp't and Workforce*, Op. No. 2014-UP-235 (S.C. Ct. App. filed June 14, 2014).  We agree with petitioner that the Court of Appeals erred in reversing the ALC's appellate decision because the ALC correctly held that petitioner's Appellate Panel's decision was supported by substantial evidence.

When reviewing a decision by petitioner's Appellate Panel in an unemployment tax liability matter, the ALC sits in an appellate capacity and may not make its own factual findings.  *Stubbs v. S.C. Dep't of Emp't and Workforce*, 407 S.C. 288, 755 S.E.2d 114 (Ct. App. 2014).  In deciding such an appeal, the ALC applies S.C. Code Ann. § 1-23-380 (Supp. 2014), exercising the same authority as the Court of Appeals under that statute to determine whether the Appellate Panel's decision is supported by substantial evidence. S.C. Code Ann. § 1-23-600(E) (Supp. 2014). Judicial review of an appellate decision of the ALC is to the Court of Appeals pursuant to S.C. Code Ann. § 1-23-610 (Supp. 2014).  *Id*.  Judicial appellate review of the ALC's decision is confined to the record, and the appellate court may reverse the ALC's decision if it finds it to be "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."  § 1-23-610(B)(e); *Stubbs*, *supra*.[1]  In determining whether the ALC's decision meets this evidentiary standard, an appellate court "need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the ALC reached." *ESA Servs., LLC v. S.C. Dep't of Revenue*, 392 S.C. 11, 24, 707 S.E.2d 431, 438 (Ct. App. 2011).

We find that had the Court of Appeals applied the proper standard of review, it would have been "constrained to affirm" the ALC's order.  *Nucor Corp. v. S.C. Dep't of Emp't and Workforce*, 410 S.C. 507, 517, 765 S.E.2d 558, 563 (2014).  Accordingly, the decision of the Court of Appeals reversing the ALC's determination is

---

[1] The Court of Appeals reversal was predicated solely on the absence of substantial evidence and not on any error of law.  *Rest Assured, LLC*, *supra*.

**REVERSED.**

**PLEICONES, Acting Chief Justice, BEATTY, HEARN, JJ., and Acting Justices James E. Moore and G. Thomas Cooper, Jr., concur.**