**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ross Buchanan, Appellant,

v.

South Carolina Department of Employment and Workforce and Upstate Machine and Manufacturing, LLC, Respondents.

Appellate Case No. 2017-002378

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2020-UP-152
Submitted April 1, 2020 – Filed May 27, 2020

**AFFIRMED**

Ross Buchanan, of Hendersonville, North Carolina, pro se.

Thomas Alexander Belenchia and Chelsea Raegan Rikard, both of A Business Law Firm LLC, of Spartanburg; and Sandra Bell Grooms, of the South Carolina Department of Employment and Workforce, of Columbia, all for Respondents.

**PER CURIAM:** Ross Buchanan appeals the Administrative Law Court's (the ALC's) order affirming the South Carolina Department of Employment and Workforce's (the Department's) decision to deny unemployment benefits based on misconduct in connection with his employment. He argues Upstate Machine and Manufacturing, LLC wrongfully terminated his employment and the Department erred in finding he was discharged because of misconduct. We affirm.

Buchanan admitted he deleted programs on company machines, stored the programs in a private notebook without notifying his employer, and offered to reinstall the programs in exchange for an increase in pay. Thus, we find there was substantial evidence for the ALC to affirm the decision made by the Department. *See Nucor Corp. v. S.C. Dep't of Emp't & Workforce*, 410 S.C. 507, 514, 765 S.E.2d 558, 562 (2014) ("Judicial review of disputes arising from the [Department] is governed by the Administrative Procedures Act (APA)."); *Stubbs v. S.C. Dep't of Emp't & Workforce*, 407 S.C. 288, 292, 755 S.E.2d 114, 116 (Ct. App. 2014) ("The ALC reviews final agency decisions—such as the [D]epartment's unemployment benefits determination . . . in its appellate capacity 'as prescribed by [section 1-23-380] of the South Carolina Code (Supp. 2019).'" (quoting S.C. Code Ann. § 1-23-600(E) (Supp. 2019))); *Stubbs*, at 292, 755 S.E.2d at 116 ("[T]he ALC, sitting in its appellate capacity, may not make its own factual findings."); S.C. Code Ann. § 1-23-380(5) ("The [ALC] may not substitute its judgment for the judgment of the [Department] as to the weight of the evidence on questions of fact. The [ALC] may affirm the decision of the [Department] or remand the case for further proceedings. The [ALC] may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Nucor*, 410 S.C. at 517, 765 S.E.2d at 563 ("Under the deferential substantial evidence standard of review, [this court is] constrained to affirm the ALC's factual findings when supported by some evidence in the record."); *Friends of Earth v. Pub. Serv. Comm'n*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010) ("Substantial evidence is not a mere scintilla; rather, it is evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion as the agency."); S.C. Code Ann. § 41-35-120(2)(a) (Supp. 2019) ("'[M]isconduct' is limited to conduct evincing such [willful] and wanton . . . disregard of standards of behavior which the employer has the right to

expect . . . or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.