**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Greg German, Appellant,

v.

South Carolina Department of Employment and Workforce, Respondent.

Appellate Case No. 2021-000490

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2022-UP-434
Submitted November 1, 2022 – Filed December 7, 2022

**AFFIRMED**

Greg German, pro se, of Myrtle Beach.

Paul R. Famolari, of South Carolina Department of Employment and Workforce, of Columbia, for Respondent.

**PER CURIAM:** Greg German appeals an order from the Administrative Law Court (ALC) affirming the South Carolina Department of Employment and Workforce's (DEW's) decision to deny unemployment benefits for a six-week

period based on German's failure to timely file weekly claims.  We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in affirming the DEW's decision regarding German's unemployment benefits because German did not file timely weekly certifications for benefits and he did not show good cause for failing to do so.  *See Nucor Corp. v. S.C. Dep't of Emp. & Workforce*, 410 S.C. 507, 514, 765 S.E.2d 558, 562 (2014) ("Judicial review of disputes arising from the DEW is governed by the Administrative Procedures Act (APA)."); *Stubbs v. S.C. Dep't of Emp. & Workforce*, 407 S.C. 288, 292, 755 S.E.2d 114, 116 (Ct. App. 2014) ("The ALC reviews final agency decisions . . . in its appellate capacity 'as prescribed in [section 1-23-380 of the South Carolina Code (Supp. 2022)].'" (quoting S.C. Code Ann. § 1-23-600(E) (Supp. 2022))); *id.* ("[T]he ALC, sitting in its appellate capacity, may not make its own factual findings."); § 1-23-380(5) ("The [ALC] may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact.  The [ALC] may affirm the decision of the agency or remand the case for further proceedings.  The [ALC] may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Nucor Corp.*, 410 S.C. at 517, 765 S.E.2d at 563 ("Under the deferential substantial evidence standard of review, [an appellate court is] constrained to affirm the ALC's factual findings when supported by some evidence in the record."); *Friends of Earth v. Pub. Serv. Comm'n*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010) ("Substantial evidence is not a mere scintilla; rather, it is evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion as the agency."); S.C. Code Ann. § 41-35-110(1) (2021) (stating an "unemployed insured worker is eligible to receive benefits with respect to a week only if the [DEW] finds he . . . has made a claim for benefits with respect to that week pursuant to regulations prescribed by the [DEW]"); S.C. Code Ann. Regs. 47-32(A) (2011) ("Claimants for unemployment compensation benefits shall be required to report and file claims weekly in a timely manner and in accordance with such procedures as the [DEW] may adopt . . . .  A week claimed is considered timely if received within fourteen (14) calendar days of the claim week ending date."); *id.* ("The claims representative in the [DEW] office may accept any late filing of a continued weekly claim for good cause shown.").

We also hold German's arguments that the DEW had a principal-agent relationship with him, the DEW improperly withheld federal benefits, and the ALC's order failed to mention "arbitrary" and "capricious" are not preserved for review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562, 677 S.E.2d 582, 586 (2009) (stating issue preservation rules apply in administrative appeals); *id.* at 562-63, 677 S.E.2d at 586 (holding that if the ALC does not rule on an issue in its final order, a party must file a Rule 59(e), SCRCP, motion requesting a ruling to preserve the issue for this court's review); *Young v. S.C. Dep't of Health & Env't Control*, 383 S.C. 452, 458, 680 S.E.2d 784, 787 (Ct. App. 2009) (stating the ALC generally cannot consider an issue not raised to and ruled upon by the administrative agency from which an appeal is taken).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.